PETITION OF LOUIS J. DOYLE in *Boston and Providence Railroad Corporation et al.* vs. *New York and New England Railroad Company et als.*[1]

In equity proceedings A. filed a petition for leave to become a party complainant, claiming to have been a stockholder in a corporation merged in the respondent corporation. No order was ever made on this petition.

*Held,* that A. never became a party to the suit.

*Held,* further, that A. could not file a petition for a rehearing of the suit : his proper course being to petition for leave to file a petition for a rehearing.

*Held,* further, that A., neither having been a party to the suit nor being in privity with a party, could not petition for leave to file a bill of review, his proper course being to file an original bill in the nature of a bill of review.

Before leave will be given to file a bill of review the court must be satisfied that new matter has come to the knowledge of the petitioner which could not have been used at the hearing and which would probably have changed the decision.

MOTION to dismiss the petition. The facts are stated in the opinion of the court.

*December* 19, 1882. MATTESON, J. This is a motion by the respondents, the New York and New England Railroad Company, to dismiss a petition for a rehearing and for leave to file a supplemental bill of review.

The petition was filed by Louis J. Doyle, styling himself " one of the parties complainant in the above entitled suit," in behalf of himself and the other complainants.

One of the grounds of the motion is that the petitioner was not a party to the suit.

On the 5th day of November, 1879, the petitioner filed a petition in the suit, in which he described himself as a stockholder in the Providence, Hartford, and Fishkill Railroad Company, and asked to become a party complainant, offering to contribute his due proportion of the expenses of the suit. No order of notice, nor any other order was made on this petition ; nor was it in any way, so far as appears, brought to the attention of the court.

We do not think that the mere filing of the petition, in the absence of an order of the court to that effect, made the petitioner a party to the suit. The complainants and respondents were entitled to be heard on the question of his admission into it, and he

[1] See 12 R. I. 220 ; 13 R. I. 260.

ought, therefore, to have followed up his petition by procuring an order of notice to them and setting it down for hearing. Having neglected to do so, his petition had no effect.

As. he was not a party to the suit he was not entitled, as of course, to file a petition for rehearing, even though he may have had an interest in the suit. His proper proceeding was to have filed a petition for leave to file a petition for rehearing. 2 Daniell Chanc. Prac. *1461, *1479; *Paterson* v. *Scott*, cited in Seton Forms of Eq. Decrees, 3d ed. 1154; *Gwynne* v. *Edwards* 9 Beav. 22, 34; *Berry* v. *The Attorney General*, 2 Mac. & G. 16, 17, 18; *Jopp* v. *Wood*, 33 Beav. 372; *Parmiter* v. *Parmiter*, 3 De G., F. & J. 461.

The objection that the petitioner was not a party to the suit also applies to the petition as a petition for leave to file a bill of review, since none but the parties to the original cause, or those in privity with them, are entitled to file a bill of review, strictly so called. Other persons aggrieved must proceed by original bill in the nature of a bill of review. 2 Daniell Chanc. Prac. *1579; Story Eq. Plead. § 409; *Whiting* v. *The Bank of the United States*, 13 Peters, 6, 13; *Kennedy* v. *Ball's Heirs*, Litt. Sel. Cas. 125, 126.

Besides the objection that the petitioner was not a party, another objection is that the petition neither sets forth, nor is accompanied by an affidavit setting forth, the nature and extent of the newly discovered matter, on account of which a reversal of the decree is sought, so that the court may judge of its relevancy and sufficiency, and that such new matter could not have been produced, or used, in the original hearing. The court must be satisfied that the new matter has come to the knowledge of the petitioner and his representatives since the period at which he could have made use of it on the hearing, and that it could not, with a reasonable diligence, have been discovered sooner; and that it is of such a character, that, if brought forward in the suit, it would probably have altered the judgment; othewise leave will not be granted to file a bill of review grounded on the discovery of new matter. 2 Daniell Chanc. Prac. *1578; Story Eq. Plead. § *412.

*Petition dismissed.*

*Rollin Mathewson*, for petitioner.

*William P. Sheffield, Simeon E. Baldwin & Frank S. Arnold*, for New York and New England Railroad Company, *contra*.